IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02805-LTB-KLM

**SUZANNE WESTON,**

    Plaintiff and Counterclaim Defendant,

v.

**ANALEX CORPORATION**, a Delaware corporation,

    Defendant and Counterclaim Plaintiff.

**STIPULATED PROTECTIVE ORDER
TO PROTECT CONFIDENTIAL INFORMATION**

The parties to this case stipulate to entry by the Court of this Protective Order to protect the confidentiality of certain information disclosed or to be disclosed in the course of this proceeding.

### I.     DEFINITIONS

1. "Confidential Information" means, for the purpose of this Stipulated Protective Order, information either party claims is non-public, confidential, a trade secret or proprietary, and produced by the Producing Party in the manner set forth in Section II using the designation "CONFIDENTIAL."

2. "Producing Party" means a party or third party that produces Confidential Information including testimony at depositions or at trial.

3.      "Receiving Party" means any party or third party receiving Confidential Information.

4.      "Authorized Personnel" means:

   a.      attorneys of record for the Receiving Party and their legal-support personnel who are personally involved in assisting with the prosecution or defense of this litigation;

   b.      consultants or outside expert witnesses who are retained by a Party in connection with this action and whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this litigation;

   c.      party employees, officers and directors whose review of the specific Confidential Information is essential to assist counsel with the prosecution, defense, or settlement of this litigation;

   d.      persons noticed for deposition or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

   e.      any Judge or Magistrate assigned to this Lawsuit and members of his or her staff; or

   f.      employees of outside copy services used to make copies or prepare demonstrative aids from Confidential Information.

5.      "Lawsuit" means this lawsuit in the United State District Court for the District of Colorado captioned: *Suzanne Weston. v. Analex Corporation*, Civil Action No. 1:09-cv-02805-LTB-KLM.

## II. DESIGNATION OF MATERIAL AS CONFIDENTIAL INFORMATION

6. At the time documents containing Confidential Information are produced or disclosed, any document that the Producing Party desires to designate as containing Confidential Information shall be stamped or marked on each page with the statement "CONFIDENTIAL." Information produced in a digital format (e.g., computer data) will be marked as CONFIDENTIAL in a manner reasonably calculated to call the Receiving Party's attention to the designation. For example, a CD or DVD with data can have the designation placed on the label. In the case of inadvertent disclosure, documents or information can be later designated as Confidential Information within a reasonable time period after discovery that it was not so designated at the time of the initial disclosure.

7. A dispute exists between the parties concerning whether certain documents in the possession of Plaintiff and Counterclaim Defendant Suzanne Weston ("Ms. Weston") are non-public, confidential, trade secret or proprietary information belonging to Defendant and Counterclaim Plaintiff Analex Corporation ("Analex"). Without admitting that such documents contain information that is non-public, confidential, trade secret or proprietary information of Analex, Ms. Weston agrees to permit Analex to review the documents and designate any of the documents as Confidential Information pursuant to this Stipulated Protective Order. Ms. Weston further agrees that she will treat any of the documents Analex designates as confidential, as she would any other documents Analex designates as confidential under this Protective Order. Until such time as Analex has an opportunity to conduct its review and determine whether it will designate any of the documents in Ms. Weston's possession as confidential, Ms. Weston will

treat all of the documents as having been designated by Analex as confidential pursuant to this Stipulated Protective Order.

### III. RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION

8. Except with the prior written consent of the Producing Party, Confidential Information may be disclosed only to Authorized Personnel, as defined above.

9. Confidential Information, including all copies, summaries and/or extracts thereof, and all information derived therefrom, shall be held in confidence by the Receiving Party and persons who receive copies of it from the Receiving Party, and shall not be used for any purpose other than the prosecution or defense of this Lawsuit. Under no circumstance may the Receiving Party use Confidential Information for any purpose relating to operation of her/its business. No copies of documents or other materials containing Confidential Information shall be made except by or on behalf of Authorized Personnel.

10. The attorneys of record and all other persons receiving Confidential Information under this Order are responsible for employing reasonable measures, consistent with this Order, to control access to, and the duplication and distribution of, Confidential Information. By their signatures below, lead counsel for the parties acknowledge that they and any employees of their clients who receive Confidential Information are bound by the terms of this Protective Order. Before receiving access to any Confidential Information, all Authorized Personnel in categories 4(b), (c), (d) and (f) above shall execute the Acknowledgment to be bound by the terms of this Order in the form attached as Exhibit 1. All such Acknowledgments shall be retained while the Lawsuit is pending and, upon request, a copy will be provided to the Producing Party at the

conclusion of the Lawsuit. The parties shall not be required to disclose these Acknowledgments prior to the conclusion of this Lawsuit except upon an order of the Court.

11. Limitations on the use or disclosure of Confidential Information shall apply to:

   a. the information contained in designated documents or testimony, and all information derived therefrom;

   b. portions of the following that quote from, or disclose the contents of, any such designated documents or testimony: any document, affidavit, motion, brief, letter, testimony (deposition or trial), writing, videotape, drawing, computer tape, electronic medium, and any other tangible medium whatsoever.

12. The Parties shall resolve all disputes regarding Confidential Information on or before April 4, 2011 (i.e 60 days prior to the deadline to file Dispositive Motions.) If the Parties are unable to resolve a dispute concerning Confidential Information, the Producing Party shall notify the Court of the dispute by filing a Motion to Seal pursuant to D.C.COLO.LCivR 7.2.

13. Counsel for the Producing Party may ask the court reporter to separately bind and label portions of any transcript (deposition, hearing or trial) and any exhibits that contain information that is designated as Confidential Information.

14. The production of documents designated Confidential Information shall not constitute an admission or concession by the Producing Party that such documents are relevant or probative of any issue or are admissible at any proceedings for any purpose.

15. If the Receiving Party believes information should not have been designated as Confidential Information and is unable promptly to resolve its differences with the opposing party, it may (but is not required to) bring its objection to the attention of the Court and seek an

expedited ruling. A party's designation of information as "CONFIDENTIAL" does not make the information confidential or proprietary for any purpose other than how the information is to be treated by the Receiving Party. The failure to object to designation of information as Confidential Information shall not constitute an admission or concession by the Receiving Party that information designated as Confidential Information by the Producing Party is in fact non-public, confidential, trade secret or proprietary information belonging to the Producing Party. In the event of a challenge to the designation of any information as Confidential Information, the Producing Party shall bear the burden of establishing that it appropriately designated the information as Confidential Information.

16. Confidential Information in Depositions.

a. During the deposition, and after the deponent has signed an Acknowledgement in the form attached as Exhibit 1, a deponent may be shown, and examined about, documents and information designated as Confidential Information to the extent deemed necessary by examining counsel.

b. Any parties may, during the deposition or within a reasonable time after receiving a deposition transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as Confidential Information. Confidential Information within the deposition transcript may be designated by marking the portions of the pages that are confidential with the legend: "CONFIDENTIAL." Either party may designate an entire deposition transcript as Confidential Information.

17. Confidential Information may be offered in evidence at the trial in this Lawsuit, subject to further protection ordered by the Court at or before trial upon motion of either party.

18. If the Receiving Party receives a subpoena issued by a court or administrative agency calling for the production of Confidential Information, it will promptly notify the Producing Party before complying with the subpoena.

## IV. RETURN OF CONFIDENTIAL INFORMATION

19. Unless the parties otherwise agree, all Confidential Information and all copies thereof shall be returned to the Producing Party within sixty (60) days following the conclusion of this action, except that counsel for the parties may retain one complete copy (in paper or electronic form) of any depositions, deposition exhibits, hearing transcripts, and hearing exhibits, and one copy of all documents produced by the opposing side, which materials will continue to be subject to this Protective Order.

20. This Protective Order shall continue to be binding after the conclusion of this action.

## V. MISCELLANEOUS

21. Notwithstanding anything to the contrary herein, any party may freely disclose its own Confidential Information in any manner it chooses, including to third parties, without impairing the obligations imposed by this Protective Order upon others.

22. This Protective Order does not apply to information a Receiving Party obtained or may obtain from sources other than information designated in this Lawsuit as Confidential Information.

23. The Court retains jurisdiction to enforce the provisions of this Protective Order.

24. The Parties request that the Court approve this Protective Order and enter it as an Order effective as of the date set forth below.

DATED this 5TH day of August, 2010.

BY THE COURT:

_____
United States Magistrate Judge

Approved as to form:

/s Richard L. Shearer
Richard L. Shearer
rick.shearer@shearercall.com
J. Alan Call
alan.call@shearercall.com
Shearer & Call, P.C.
1625 Broadway, Suite 1450
Denver, CO 80202
720-833-4220
303-200-7460 (facsimile)
Attorneys for Plaintiff Suzanne Weston

/s Mark E. Baker
Mark E. Baker
mark.baker@hklaw.com
Jonathan E. O'Connell
jonathan.oconnell@hklaw.com
Holland & Knight LLP
1600 Tysons Blvd., Suite 700
McLean, Virginia 22102
703-720-8088
703-720-8610 (facsimile)
Attorneys for Defendant Analex Corporation

## EXHIBIT 1:

## Acknowledgement of Protective Order

I, _____ state that:

a. My business address is: _____

b. My present employer and job description are: _____

c. My relationship to the parties in this action is: _____

I have read and understand the Protective Order entered in the case titled *Suzanne Weston v. Analex Corporation*, Civil Action No. 1:09-cv-02805-LTB-KLM, and agree to be bound by the provisions of that Protective Order for any Confidential Information that I am allowed to review.

Dated: _____, 20___.

_____
Signature

_____
(Typed or Printed Name)